UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:98-cv-00114 LRH-RAM<br>3:95-cr-00035-LRH-RAM |
| v. | CA No. 10-16409 |
| ROBERT JOHN COLLINS, | |
| Defendant. | ORDER |

This case is before the court on remand from the Ninth Circuit Court of Appeals "for the limited purpose of granting or denying a certificate of appealability." Doc. #244.[1]

On April 24, 2009, this court denied Defendant Robert Collins' "Motion to Compel the U.S. District Court to Follow the Law in 42 USCS Sec. 14132(b)(3)(C) Also Per 18 USCS Sec. 3600 Defendant Motions the Court to Order New DNA Testing" (Doc. #212). The motion sought the disclosure of DNA test results pursuant to 42 U.S.C. § 14132(b)(3)(C) and new DNA testing pursuant to 18 U.S.C. § 3600. The court initially observed that to the extent Collins' request could be construed as a motion under 28 U.S.C. § 2255 "the court would lack jurisdiction . . . because Collins has already filed a § 2255 motion and Collins has failed to seek authorization from the Ninth Circuit Court of Appeals to file a second § 2255 motion." Doc. #228, p. 4. Nevertheless,

---

[1] Refers to the court's docket entry number.

observing that "Collins' motion is not in the form of a § 2255 motion," the court further concluded that it was not required to construe Collins' motion as an attack on the validity of his confinement under § 2255. *Id.* at 5 (citing *Osborne v. Dist. Attorney's Office*, 423 F.3d 1050, 1054 (9th Cir. 2005)). Instead, construing Collins' motion as a mere request for disclosure of DNA test results under 42 U.S.C. § 14132(b)(3)(C), the court concluded that Collins was not entitled to relief because § 14132 does not create "a private right of action for a criminal defendant seeking access to DNA evidence." *Id.* at 7. Finally, regarding Collins' request for new DNA testing under 18 U.S.C. § 3600, the court concluded that Collins was not entitled to relief because he failed to satisfy all ten substantive requirements of § 3600(a). *Id.* at 8-10.

Collins filed a motion to reconsider, which this court also denied. Doc. ##229, 237. Collins then appealed to the Ninth Circuit Court of Appeals. Doc. #238.

To appeal a denial of a final order in a proceeding under § 2255, including the denial of a Rule 60(b) motion, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c); *Langford v. Day*, 134 F.3d 1381, 1382 (9th Cir. 1998). To obtain such a certificate, the petitioner must make a "substantial showing of the denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983); *see also Gratzer v. Mahoney*, 397 F.3d 686, 689-90 (9th Cir. 2005) (noting the amendment to § 2253 requiring petitioner to obtain a certificate of appealability merely codified the pre-amendment certificate of probable cause standard set forth in *Barefoot*). By comparison, when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying claim, petitioner must show "'that jurists of reason would find it debatable whether the *petition* states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling.'" *United States v. Martin*, 226 F.3d 1042, 1046 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Prompting the Ninth Circuit's limited remand order is that court's observation that Collins' appeal "appears to arise from the denial of petitioner's motion for relief from judgment pursuant to

Fed. R. Civ. P. 60(b)." Doc. #244, p. 1. Collins did previously file multiple Rule 60(b) motions (Doc. ##176, 178, 188) and a motion for reconsideration of this court's denial of relief (Doc. #198). However, those motions and this court's orders denying them (Doc. ##197, 200) were the subjects of a prior appeal (No. 09-16705), which was terminated on September 28, 2009, upon the denial of a certificate of appealability. Doc. #235. By contrast, Collins' present appeal (No. 10-16409) does not arise from the denial of a motion for relief from judgment under Rule 60(b). Instead, it arises solely from the denial of Collins' motion for disclosure of DNA test results and for new DNA testing under 42 U.S.C. § 14132(b)(3)(C) and 18 U.S.C. § 3600. *See* Doc. ##212 (motion), 228 (order), 229 (motion to reconsider), 237 (order), 238 (notice of appeal). It is in this procedural posture that the court must consider whether to grant or deny a certificate of appealability.

To the extent Collins' motion for disclosure of DNA test results and for new DNA testing may be construed as a § 2255 motion, a certificate of appealability would be required for Collins to appeal the denial of his motion. Yet Collins has failed to make the requisite showing "'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Martin*, 226 F.3d at 1046 (quoting *Slack*, 529 U.S. at 484). This court concluded in its prior order that "the court would lack jurisdiction to consider such a motion in this case because Collins has already filed a § 2255 motion and Collins has failed to seek authorization from the Ninth Circuit Court of Appeals to file a second § 2255 motion." Doc. #228, p. 4 (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)). Collins has not disputed that his motion would be procedurally barred if construed as a § 2255 motion. Instead, Collins has expressly disclaimed any reliance on § 2255 or any current intent to challenge his conviction or his detention. *See* Doc. #225 ("This is not a first, or successive or any type of §2255 motion."). The court will therefore deny a certificate of appealability insofar as Collins' motion is construed as a § 2255 motion.

3

To the extent Collins' motion for disclosure of DNA test results and for new DNA testing may be construed as an independent motion for relief under 42 U.S.C. § 14132(b)(3)(C) and 18 U.S.C. § 3600, it does not appear that a certificate of appealability is required for Collins to appeal this court's denial of relief.  *See* 28 U.S.C. § 2253(c)(1) (requiring a COA only in state habeas and § 2255 cases); Fed. R. App. P. 22(b) (same).  Nonetheless, in an abundance of caution, the court will grant a certificate of appealability on the following issues: (1) whether Collins is entitled to the disclosure of DNA test results under 42 U.S.C. § 14132(b)(3)(C); and (2) whether Collins is entitled to new DNA testing under 18 U.S.C. § 3600.

IT IS THEREFORE ORDERED that a certificate of appealability is GRANTED.  The clerk of court shall issue a certificate of appealability to Robert John Collins as to the denial of his motion for disclosure of DNA test results under 42 U.S.C. § 14132(b)(3)(C) and for new DNA testing under 18 U.S.C. § 3600.

IT IS SO ORDERED.

DATED this 10th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE